# Exhibit 3



68 rue du Faubourg Saint-Honoré
75008 Paris, France
T +33 (0) 1 53 64 82 82
F +33 (0) 1 53 64 82 20

March 22, 2021

Jonathan Blackman, Mark McDonald, Matthew Slater, Boaz Morag, Allison Kim
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006

**By email**

Re:     *PAO Tatneft v. Ukraine*, Case No. 1:17-cv-00582-CKK

Dear Mark, Dear Jonathan, Dear Colleagues,

Thank you for your email of February 23, 2021 with attachments. We understand that you attempted to serve discovery requests upon Ukraine via email to us. As you are aware, service of judicial and extrajudicial documents, such as discovery requests, upon Ukraine should be accomplished pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Service Convention"). We understand that you and your client are familiar with the process, and suggest that you follow this process to effectuate proper service upon Ukraine's Central Authority, which is Ukraine's Ministry of Justice, Department of International Law (*available at* https://www.hcch.net/en/states/authorities/details3/?aid=251).

Aside from the need to effectuate service under the Hague Service Convention, we understand from the attached document entitled "Certificate of Service" that you attempted service by mail. However, that attempted service would have been ineffective. *First*, there is no such thing as "WINSTON & STRAWN/CHICAGO" in Washington, D.C. *Second*, as you would have seen from my signature block and the Firm's website, the Firm's Paris Office is not located on "rue Cambon"—for over three years now. My current and last known address is on "rue du Faubourg Saint-Honoré." Due to these defects, service by mail was in any event ineffective, and as a matter of fact we did not receive your mail.

In your email, you correctly inquire whether we "*might be amenable* to receiving service of discovery requests by email *going forward*." Presently we are not authorized to receive service of discovery requests by email and do not consent to such service on behalf of Ukraine. Accordingly, attempted service by email would have been ineffective.

Additionally, it may be standard practice between ordinary U.S. litigants to specify the return time of 30 days and to stipulate to longer time. Bearing in mind that you intend to address discovery requests to a foreign State, and to the extent that your discovery requests require mobilization of various government agencies or obtaining information from third parties, we anticipate that 90 days from service would be more appropriate.

Best regards,

*Maria Kostytska*

Maria Kostytska, Partner
Winston & Strawn LLP

Cc:     Thomas Buchanan, Winston & Strawn LLP