

CORRESPONDANT

**WINSTON & STRAWN LLP**

North America    Europe    Asia

68 rue du Faubourg Saint-Honoré
75008 Paris, France
T +33 (0) 1 53 64 82 82
F +33 (0) 1 53 64 82 20

<u>**VIA ECF**</u>

October 22, 2021

The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 14A
New York, NY 10007

**Re:    *Ukraine v. PAO Tatneft*, No. 1:21-mc-00376-JGK-SN**

Dear Judge Koeltl:

Tatneft's purported update on "the underlying action" is partial and therefore misleading. Although it focuses on an October 18, 2021 Memorandum Opinion and Order addressing a parallel discovery dispute, it overlooks that the legitimacy of the underlying judgment was vigorously debated during oral argument before the D.C. Circuit on October 15, 2021.

Following oral argument, the D.C. Circuit is evaluating whether the underlying judgment should be allowed to stand. Judge Kollar-Kotelly herself has acknowledged that Ukraine's appeal presents "'serious legal questions' raising a 'fair ground for litigation.'" D.D.C. No. 1:17-cv-582, Dkt. 75 at 10. The oral argument, held just one business day before the opinion on which Tatneft focuses, underscored the complex legal questions that will determine the parties' respective rights in the underlying action. In particular:

- Oral argument underscored the uncertain state of *forum non conveniens* doctrine in the D.C. Circuit, highlighting the contradiction between a categorical reading of *TMR Energy v. State Property Fund of Ukraine*, 411 F.3d 296 (D.C. Cir. 2005), and: (i) the very language of that decision (in the last footnote) and (ii) Second Circuit precedents like *Monegasque v. Naftogaz of Ukraine*, 311 F.3d 488 (2d Cir. 2002) (which the above-mentioned footnote shows *TMR* did not intend to contradict) and *Figueiredo v. Peru*, 665 F.3d 384 (2d Cir. 2011). Ex. A (Oral Argument Transcript) at 6:12–8:23.

- Judge Srinivasan showed interest in exploring the scope of the public policy exception to confirmation of arbitral awards, particularly whether the violation of foreign law raised by Ukraine in this case (as recognized by the High Court of England and Wales) is sufficiently serious to deny confirmation for violation of American public policy. *Id*. at 3:23–6:3, 12:24–13:4.

- Judge Edwards indicated his concern about whether the district court applied the correct standard to Ukraine's arbitrator bias argument, noting that "it really is very unclear what standard the district court is applying," criticizing Tatneft's "dodge" when counsel suggested that the district court applied alternative standards, and accusing counsel of "trying to dance away from" the problem. *Id*. at 16:22–19:3.



CORRESPONDANT

North America   Europe   Asia

68 rue du Faubourg Saint-Honoré
75008 Paris, France
T +33 (0) 1 53 64 82 82
F +33 (0) 1 53 64 82 20

The D.C. Circuit's pending decision will determine not only the validity of the judgment underlying Tatneft's discovery requests but also whether Tatneft engaged in impermissible forum shopping to mobilize the jurisdictional powers of American courts to seek broad discovery not available elsewhere in the world. As Ukraine emphasized during oral argument, "this case has no connection to the United States, other than it being a contracting party to the New York Convention." *Id.* at 6:4–5. The only reason why the parties are before American courts is forum shopping by a Russian company with close ties to the State, with the goal of obtaining "worldwide discovery into the assets of not only Ukraine but also numerous Ukrainian entities of strategic importance to the nation's welfare" in the midst of "geopolitical hostilities." *Id.* at 8:24–9:11.

Thus, Tatneft's alleged entitlement to sweeping discovery under U.S. law is by no means a foregone conclusion after the October 18, 2021 decision of Judge Kollar-Kotelly. The issue is being determined by the D.C. Circuit within the framework of Ukraine's *forum non conveniens* argument. The rights and interests that Ukraine has asserted would be irretrievably lost if, before they were vindicated by the D.C. Circuit, third-party financial institutions were to divulge sensitive information in response to Tatneft's sweeping subpoenas.

Even if Tatneft were entitled to take advantage of U.S. discovery, the proper scope of U.S. discovery in this case is not controlled by the recent opinion of Judge Kollar-Kotelly. That opinion is, of course, not binding in the Southern District of New York. Although Tatneft highlights five aspects of Judge Kollar-Kotelly's recent opinion, it does not explain their relevance.

1. Tatneft cannot overcome Ukraine's Objections by noting the opinion's discussion of undue burden. As Tatneft itself has recognized, Ukraine's objections do not put undue burden at issue. Dkt. 21 at 7 n.5.

2. Tatneft cannot overcome Ukraine's Objections by noting the opinion's statement that "Tatneft is not obligated" to seek enforcement in Ukraine. Assuming the opinion is correct, Ukraine's interest in following its own laws may still give it standing to dispute relevance and be weightier than corporate or individual privacy interests.

3. Tatneft cannot overcome Ukraine's Objections by noting the opinion's undisputed position that immunity from execution under the FSIA does not confer immunity from discovery. Ukraine's arguments *assume* that there is no immunity from discovery but insist on relevance and proportionality of discovery.

4. Tatneft cannot overcome its own concessions that discovery of third-party information "must be limited to information that relates to the judgment debtors, their assets or suspected transfers of their assets" and that, contrary to this rule, "the subpoenas seek full information about the financial affairs of third parties," Dkt. 22 at 5, or its own failure to prove that these third parties are controlled by Ukraine.

5. Tatneft cannot negate Ukraine's "national interest in the confidentiality of sensitive information about the financial affairs of Ukraine and third parties of strategic importance to the nation's welfare," Dkt. 19 at 14, by noting the opinion's suggestion



CORRESPONDANT

North America    Europe    Asia

68 rue du Faubourg Saint-Honoré
75008 Paris, France
T +33 (0) 1 53 64 82 82
F +33 (0) 1 53 64 82 20

that Ukraine was insufficiently specific in identifying conflicts with foreign laws. This engages Ukraine's suggestion of a possible qualifier ("at least to the extent this information is protected by foreign bank secrecy laws," *id.*) and does not foreclose a further demonstration of violation of Ukrainian and foreign privacy laws as concrete conflicts come to light, Dkt. 22 at 6–7.

In short, the recent opinion by the D.C. District Court does not foreclose Ukraine's Objections, and the pending appeal before the D.C. Circuit may well vindicate rights and interests asserted by Ukraine that would be irretrievably lost if this Court were to permit the discovery requested by Tatneft in the meantime.  Thus, Ukraine respectfully requests the Court to uphold its Objections or defer its determination until the disposition of the appeal.

Respectfully submitted,

/s/ Maria Kostytska
Maria Kostytska, Partner
Kelly Librera, Partner
WINSTON & STRAWN LLP
*Counsel for Ukraine*

Cc:     All Counsel of Record (Via ECF)