

Lauren K. Handelsman
Binder & Schwartz LLP           (T) 212.510.7272
366 Madison Avenue  6th Floor   (F) 212.510.7299
New York, NY 10017              lhandelsman@binderschwartz.com

March 2, 2022

**By ECF**

Magistrate Judge Sarah Netburn
United States District Court
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

      Re:  *In re Subpoenas Served on Lloyds Banking Group PLC et al.*,
            Case No. 1:21-mc-00376-JGK-SN

Dear Judge Netburn:

      Pursuant to the Court's Minute Order of February 17, 2022, we write in response to Ukraine's letter dated February 28, 2022 (ECF No. 52) (the "Letter") seeking leave to move for reconsideration of the Court's July 19, 2021 Order denying Ukraine's previous motion to quash subpoenas (ECF No. 16) (the "July 19 Order"), which Judge Koeltl affirmed on November 22, 2021 (ECF No. 27) (the "District Court Order"), and from which Ukraine's (jurisdictionally improper) appeal to the Second Circuit is currently pending.[1]

      The war in Ukraine is a tragedy. But it has no relationship to the July 19 Order or the non-party subpoenas served on financial institutions that are the subject of that order. As this Court and others have recognized, Tatneft is a publicly traded company, not an arm of the Russian government. *See, e.g.*, July 19 Order at 2 ("Tatneft is a publicly traded company organized under the laws of the Russian Federation"); *Tatneft v. Ukraine*, 301 F. Supp. 3d 175, 187 (D.D.C. 2018) (rejecting Ukraine's argument that "Tatneft is a state-controlled entity and not a 'private party'"). The subpoenas seek information concerning Ukraine's assets only for purposes of executing on them to satisfy a judgment of the United States District Court for the District of Columbia that Ukraine has for more than a year—predating the current crisis—

---

[1] Ukraine does not explain—because it cannot—how its contemplated motion for reconsideration is consistent with its position that the July 19 Order (as affirmed by Judge Koeltl) is sufficiently "final" to confer appellate jurisdiction over its purported appeal and to divest this Court of jurisdiction while that appeal is pending. *See* ECF No. 28. On the contrary, as Tatneft has explained in its pending motion to dismiss, *see generally* Mot. to Dismiss, *In re Subpoenas Served on Lloyds Banking Grp. PLC et al.,* No. 21-2979 (2d Cir. Feb. 11, 2022), Doc. No. 3259786, and as Ukraine's request for leave to seek reconsideration of the July 19 Order further confirms, it is clear that Ukraine's appeal from the July 19 Order is premature and does *not* divest this Court of jurisdiction, including to enter a protective order as directed by Judge Koeltl's November 22, 2021 order.



refused to bond or pay.  The discovery that is the subject of the July 19 Order is not sought for any purpose other than satisfying the judgment, and there is no evidence to suggest otherwise.

Both this Court and Judge Koeltl have already found, based on well-settled precedent, that these subpoenas are an appropriate and typical means of acquiring discovery in aid of execution, July 19 Order at 12, District Court Order at 7-10, and that any concerns about who should have access to that discovery is adequately addressed by an appropriate protective order, July 19 Order at 12, District Court Order at 16, which this Court is currently considering.  And while the sensitivity of information sought by the subpoenas is an issue to be addressed in connection with Ukraine's pending motion for a protective order and is no basis for this Court to reconsider its July 19 Order, for the avoidance of doubt, the subpoenas addressed in the July 19 Order are not intended to seek any "sensitive" information "pertaining to military defense and national infrastructure."  Letter at 3.  *These are subpoenas directed to financial institutions*.  If Ukraine has entrusted the information that is the subject of the subpoenas to employees of financial institutions in New York, there is no reason outside counsel for Tatneft (who are officers of the Court) cannot be entrusted with that same information subject to an appropriate protective order entered by this Court.  That is why Tatneft has proposed a form of protective order that would, among other things, allow Ukraine to restrict Tatneft from having access to any particularly sensitive information by designating such information for outside counsel's eyes only.  See ECF No. 38 at 10; Proposed Protective Order ¶ 6.3, ECF No. 38-4.

The "new evidence" Ukraine cites does not warrant reconsideration of the July 19 Order.  To the contrary, other than discussing the current crisis in Ukraine, which is not relevant to the July 19 Order, the purported "evidence" Ukraine cites in its letter either was or could have been submitted a year ago when Ukraine filed its original motion to quash.[2]  In any event, any unfounded speculation by Ukrainian officials as to Tatneft's motives in seeking discovery in aid of execution, *see* Letter at 3, 4 (quoting Markarova Decl., ECF No. 36; Shevchenko Decl., ECF No. 5), is not probative "evidence" and thus does not provide a sufficient basis for allowing Ukraine to proceed with a motion for reconsideration.

For these reasons, Ukraine's proposed motion for reconsideration of the July 19 Order is untimely under Local Rule 6.3, which requires a motion for reconsideration to be filed within 14 days of the order at issue.  *See* Letter at 5 (recognizing that the 14-day deadline applies when the motion for reconsideration is not supported by "newly-discovered evidence").  The Court should therefore deny leave and instead address Ukraine's concerns about access to discovery produced in response to the subpoenas in the context of its pending motion for a protective order.

---

[2] Tatneft has already responded to Ukraine's meritless allegation that service of the subpoenas at issue in the July 19 Order was timed to coincide with a hearing in an entirely separate case, *see* Letter at 4-5, (which in any event was postponed at Ukraine's counsel's request).  ECF No. 13 at 2.  In any event, Ukraine ignores both that it *did* submit evidence with its motion to quash, ECF Nos. 1, 2, ECF No. 12, Exs. A-P, and again when it objected to the July 19 Order in August 2021.  ECF Nos. 19, 22-1.



      Tatneft recognizes that the Ukrainian government is currently facing a crisis that requires its full attention. To the extent Ukraine needs an extension of any motion or discovery deadline on that basis, Tatneft consents to any such extension. Tatneft has no interest in interfering with Ukraine's self-defense or discovering information related to its national security. It simply seeks to be paid on a judgment of a U.S. court that has been pending for more than a year. In these circumstances, denying Ukraine leave to reargue a motion to quash that has no legal or factual merit would not cause Ukraine any "manifest injustice."

      We are available should the Court have any questions.

Respectfully Submitted,

 /s/ Lauren K. Handelsman
Lauren K. Handelsman

cc:    All Counsel of Record (via ECF)