USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/2/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UKRAINE,

                                   Petitioner,

            -against-

PAO TATNEFT,

                                   Respondent.

------------------------------------------------------------X

21-MC-00376 (JGK) (SN)

22-MC-00036 (JGK) (SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

On the consent of the parties, the Court issued a stay in these proceedings on March 4, 2022, due to the war in Ukraine. The parties' agreement lasted until September 2024, when Respondent PAO Tatneft ("Tatneft") moved to lift the stay. Petitioner Ukraine ("Ukraine") opposes lifting the stay. The United States Government has filed a statement of interest that joins Ukraine in opposing lifting the stay; in the alternative, the United States seeks leave to submit a further statement of interest setting forth the Government's view on the scope of post-judgment discovery.

**DISCUSSION**

The Court's stay order did not reference any legal authority, presumably because it was on consent. The parties now argue that the determination of which Federal Rule governs the existing stay could be dispositive on whether it should be lifted. Tatneft believes that, because these proceedings concern post-judgment discovery pursuant to Federal Rule of Civil Procedure 69, Rule 62 governs. Rule 62(b) provides that, "after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). The purpose of a Rule 62 bond

is to protect both sides during a stay of post-judgment discovery while an appeal is pending. See Carnegie Inst. of Washington v. Fenix Diamonds LLC, No. 20-cv-0200 (JSR), 2024 WL 3012037, at *2 (S.D.N.Y. June 13, 2024). Here, however, Ukraine has not provided a bond or other security, and all avenues of appeal have been exhausted. Thus, there is no future event for which posting a security would protect Tatneft, and further stay is therefore inconsistent with Rule 62's purpose.

Ukraine contends that the Court should apply Rule 26(c), which allows for protective orders on a showing of "good cause" to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." The party seeking the protective order bears the burden of demonstrating good cause. Ukraine and the United States argue that the geopolitical circumstances warrant a continued stay. They contend that the discovery into Ukraine's financial assets is for an improper purpose and is likely to compromise Ukraine's national security. These concerns (if true) may not resolve themselves for many years, and the Court can fashion other measures to protect against any improper conduct or unwarranted incursion into Ukraine's sovereignty. Accordingly, Ukraine has not established good cause to maintain the stay.

## CONCLUSION

Continued stay in this matter is not appropriate under either Rule 62 or Rule 26. Accordingly, Tatneft's motion to lift the stay of discovery is GRANTED. The parties are directed to meet and confer regarding the pending discovery and whether additional briefing is needed on the amended motion to quash in case number 22-mc-00036; or the motion for leave to file a motion for reconsideration and the motion for a protective order in case number 21-mc-00376. To the extent the United States Government wishes to submit a statement of interest with respect to the scope of discovery, it shall participate in these discussions.

The parties shall file a joint status letter by May 16, 2025, describing the most efficient way to move forward with these cases. If the parties believe a negotiated resolution may be possible, they may also request that the Court schedule a conference for that purpose.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   May 2, 2025
         New York, New York