**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

UKRAINE,

                              Petitioner,                    **21-MC-00376 (JGK)(SN)**

              -against-                                       **ORDER**

PAO TATNEFT,

                              Respondent.

----------------------------------------------------------------X

------------------------------------------------------------ X
UKRAINE,

                              Petitioner,                    **22-MC-00036-(JGK)(SN)**

              -against-

PAO TATNEFT,

                              Respondent.

----------------------------------------------------------------X
------------------------------------------------------------ X
PAO TATNEFT,

                              Plaintiff,                     **25-MC-00212 (JGK)(SN)**

              -against-

UKRAINE,

                              Defendant.

----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _3/20/2026_

------------------------------------------------------------------- X

**PAO TATNEFT,**

         **Petitioner,**        **26-MC-00071 (JGK)**

      **-against-**

**UKRAINE,**

         **Respondent.**

------------------------------------------------------------------X

------------------------------------------------------------------- X

**PAO TATNEFT,**

         **Petitioner,**        **26-MC-00072 (JGK)**

      **-against-**

**UKRAINE,**

         **Respondent.**

------------------------------------------------------------------X

------------------------------------------------------------------- X

**PAO TATNEFT,**

         **Petitioner,**        **26-MC-00076 (JGK)**

      **-against-**

**WINSTON & STRAWN LLP and UKRAINE,**

         **Respondents.**

------------------------------------------------------------------X

---------------------------------------------------------------- X

PAO TATNEFT,

                            **Petitioner,**                      **26-MC-00077 (JGK)**

               -against-

HOLLAND & KNIGHT LLP and UKRAINE,

                         **Respondents.**

----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

The parties appeared for a discovery conference on March 19, 2026, to discuss the pending motions related to the third-party subpoenas served by PAO Tatneft ("Tatneft").

**Phase I Discovery.** As discussed during the conference, by no later than **Friday, April 3, 2026**, counsel for Ukraine is ORDERED to send to Tatneft a list identifying all subpoena recipients for which Ukraine does not oppose immediately commencing third-party discovery. Thereafter, the parties are ORDERED to engage in a good faith meet and confer to discuss Ukraine's proposed list and whether other subpoena recipients should reasonably be included in this first tranche of discovery. To facilitate robust negotiations, Tatneft shall file its letter with the Court by no later than **Friday, April 17, 2026**. Tatneft shall indicate whether the parties have reached agreement on which third parties shall participate in this first tranche of discovery, or whether Tatneft seeks to add additional parties and if so, why. The Court will order those parties subject to this first phase of discovery to expeditiously comply with their discovery obligations.

For the avoidance of doubt, any agreement by Tatneft to proceed with the discovery process for an initial set of subpoenaed third parties shall not foreclose the possibility of Tatneft seeking to enforce any of its other pending subpoenas at a later date. Following the completion of the discovery process for the initial set of subpoenaed third parties, Tatneft will be permitted

to make an application to the Court regarding whether it believes enforcement of any additional third-party subpoena is necessary in order for Tatneft to satisfy its post-judgment arbitral award. Accordingly, for now, Tatneft is precluded from issuing any additional third-party subpoenas absent leave of the Court.

**Protective Order.** Separately, as discussed during the conference, it is the Court's intention to enter a generally applicable protective order that will govern all materials produced by the subpoenaed third parties. Issues or questions regarding which entities should or should not produce materials will be resolved by the Court on a case-by-case basis through the discovery stages (as set forth above). Bearing this in mind, the Court is optimistic that the parties can reach an agreement on a proposed protective order that balances Ukraine's national security concerns with Tatneft's need for proper procedural mechanisms regarding Ukraine's review of any materials produced by third parties. Therefore, the parties are directed to meet and confer to develop a joint proposed protective order that would allow Ukraine to review materials produced by the third parties in the first instance while ensuring that there are robust procedural safeguards in place, including provisions that would require third parties to give notice to Tatneft of any productions sent to Ukraine; compel Ukraine to complete its review within a specified timeframe; require Ukraine to produce a log of any third-party materials withheld; and permit Tatneft to challenge any materials that Ukraine withholds. Following the meet and confer process, and by no later than **Friday, April 10, 2026**, the parties are ORDERED to file a joint proposed protective order or competing proposals if the parties are unable to reach agreement.

4

## CONCLUSION

By no later than **Friday, April 3, 2026**, counsel for Ukraine is ORDERED to send to Tatneft a list identifying all subpoenaed third parties for which Ukraine does not oppose immediately commencing third-party discovery. By no later than **Friday, April 17, 2026**, Tatneft is ORDERED to file a letter informing the Court whether it consents to moving forward with third-party discovery for the initial set of entities proposed by Ukraine, or whether it proposes limited additional entities and if so, why. Separately, by no later than **Friday April 10, 2026**, the parties shall file a joint proposed protective order or competing proposals for the Court's review. To avoid duplicative filings, the parties shall file the above requested submissions in only the docket for Case No. 21-mc-00376.

The Clerk of Court is respectfully requested to close the motions at Case No. 1:25-mc-00212, ECF Nos. 26 and 29.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

Dated:        March 20, 2026
              New York, New York

5